**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Rodney Marshall,<br><br>　　　　Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>　　　　Respondents | 2:18-cv-00075-JAD-CWH<br><br>**Order Appointing Counsel and Setting Briefing Schedule** |

　　　　I previously granted then-pro se petitioner Rodney Marshall's motion for appointment of counsel and appointed the Federal Public Defender's Office to represent him in his request for habeas corpus relief.[1] C.B. Kirschner of the Federal Public Defender's Office has now appeared on Marshall's behalf.[2] Accordingly, IT IS HEREBY ORDERED that Federal Public Defender, through C.B. Kirschner, is appointed as counsel for Marshall under 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Marshall in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

　　　　IT IS FURTHER ORDERED that **Marshall has until June 22, 2018, to file an amended petition or seek other appropriate relief**. Neither this deadline nor any extensions of it may constitute an implied finding that the federal limitation period has not expired or is tolled.[3] Marshall at all times remains responsible for calculating the federal limitation period and timely asserting claims regardless of any court-ordered deadlines or extensions.

　　　　IT IS FURTHER ORDERED that **respondents will have 60 days from the date of service of an amended petition to answer it or move to dismiss it**. And Marshall will then have **30 days from the date of service of an answer to reply to it.** The briefing schedule for

---

[1] ECF No. 4.

[2] ECF No. 7.

[3] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

motions filed by either party, including a motion filed in lieu of a pleading, is governed by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and procedural defenses embedded in the answer may be ignored. Procedural defenses omitted from a single, consolidated motion to dismiss will be deemed waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits, except as allowed by 28 U.S.C. § 2254(b)(2) with respect to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss and not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) as outlined in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that any state-court record exhibits filed by the parties must be filed with an index identifying the exhibits by number. The CM/ECF attachments that are filed must further be identified by the number of the exhibit in the attachment. If more exhibits are filed than can fit in a single ECF number, the first document within each successive ECF number must be a cover so that all exhibits are labeled as attachments. For example, if there are more exhibits than can be filed as attachments to ECF No. 5, ECF No. 6 must be a cover page, and the remaining exhibits would be ECF Nos. 6-1, 6-2, 6-3, etc.

IT IS FURTHER ORDERED that **the parties must send hard copies of any exhibits filed in this case to the RENO Clerk's Office**.

DATED: February 22, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

2