# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RODNEY MARSHALL,

    Petitioner,

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No.: 2:18-cv-00075-JAD-DJA

**Order Denying Motion to Dismiss**

**[ECF No. 13]**

Petitioner Rodney Marshall ("Marshall") challenges his state court conviction of four counts of robbery and two counts of battery with intent to commit a crime.[1] Respondents move to dismiss the amended petition, arguing that three of its four claims are untimely and unexhausted, and one claim is not cognizable on federal habeas review.[2] Because I find that the claims were timely filed, I deny the motion and give respondents until October 15, 2019, to answer the petition.

## Facts

In September 2009, Marshall was charged with five counts of robbery and five counts of battery with intent to commit a crime stemming from five separate incidents that took place between April 23, 2006, and January 26, 2008.[3] The alleged victims of the crimes were Daniel Montes, Charles Proudman, Bejamin Livermore, Kendall Featherston, and Curtis Euart.[4]

---

[1] Ex. 5. The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 12 and 14–16.

[2] ECF No. 13.

[3] Ex. 17.

[4] *Id.*

Following a jury trial, Marshall was found guilty of the crimes against Montes, Proudman, Livermore, and Euart, but not guilty as to Featherston.[5]

Marshall appealed, and the Nevada Supreme Court affirmed.[6] Marshall filed a petition for writ of certiorari with the United States Supreme Court, and the petition was denied.[7] Marshall then filed a petition for habeas corpus relief in state court.[8] The trial court dismissed the Montes and Proudman battery convictions pursuant to the State's stipulation[9] and entered a second amended judgment of conviction on June 20, 2016.[10] About a month later, it entered an order denying the remainder of Marshall's claims.[11] On appeal, the Nevada Supreme Court affirmed.[12] Remittitur was issued on August 7, 2017.[13]

Marshall then initiated this habeas action, by filing of his petition under 28 U.S.C. § 2254. Marshall was appointed counsel, who filed an amended petition on August 3, 2018.

**Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[5] *See* Exs. 1, 17 & 44.
[6] Exs. 2 & 4.
[7] Exs. 77 & 78.
[8] Ex. 80.
[9] Exs. 100 (Tr. 4).
[10] Ex. 5.
[11] Ex. 106.
[12] Exs. 7 & 9.
[13] Ex. 115.

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

A new claim in an amended petition that is filed after the expiration of AEDPA's one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[14] Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because they challenge the same trial, conviction, or sentence.[15] The new claims relate back "only when" they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[16] So a claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be deemed timely.[17]

---

[14] *Mayle v. Felix*, 545 U.S. 644 (2005).

[15] 545 U.S. at 655–64.

[16] *Id*. at 657.

[17] *Id*. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

3

Respondents argue that three of the four claims in the amended petition are untimely because they do not relate back to the original petition. Respondents' argument implicitly assumes that the original petition is timely and the amended petition is not. But they do not explain the basis for their calculation. Nor does Marshall contest their calculation. However, the amended petition was timely filed and it is therefore unnecessary to address the parties' relation-back arguments.

The federal limitation period begins to run from the date of finality of the judgment of conviction under which the petitioner then is being held.[18] For Marshall, that judgment is the second amended judgment of conviction, entered on June 20, 2016. Because state postconviction proceedings were pending at the time the conviction was entered, the one-year statute of limitations for that judgment of conviction did not begin to run until the conclusion of those proceedings.[19] The state postconviction proceedings ended with the issuance of the remittitur on August 7, 2017.[20] Marshall therefore had until August 7, 2018, to file a federal petition for habeas corpus relief. The amended petition filed on August 3, 2018, made that deadline by four days and is therefore timely in its entirety.

**Cognizability**

In Ground I, Marshall asserts a federal due-process and fair-trial violation based on the allegedly improper joinder of separate and distinct charges. Respondents argue that this claim is not cognizable because the United States Supreme Court has not clearly held that the failure to sever counts or introduction of irrelevant or prejudicial evidence can violate a petitioner's

---

[18] *Smith v. Williams*, 871 F.3d 684, 686–88 (9th Cir. 2017).

[19] *See Davis v. Neven*, 2019 WL 1446947, at *2 (D. Nev. Mar. 31, 2019).

[20] *See, e.g.*, *Street v. Nevada Dep't of Corr.*, 2016 WL 8732076, at *3 (D. Nev. Mar. 4, 2016), *aff'd*, 705 Fed. App'x 625 (9th Cir. 2017).

4

constitutional rights and because otherwise the claim asserts only a state law violation that is not cognizable on habeas review. But whether this amounts to only a state law violation or rises to the level of a clearly established due-process violation is a question best reserved for the merits determination. So I deny the motion to dismiss Ground I as noncognizable, without prejudice to respondents' ability to raise these arguments during merits briefing.

## Exhaustion

Finally, respondents contend that the bulk of Marshall's claims should be dismissed because he did not exhaust them before the state courts. Because a habeas petitioner must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, the federal court will not consider a state prisoner's petition for habeas relief until he has properly exhausted his available state remedies for all claims raised.[21] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[22] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[23] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[24] The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged

---

[21] *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[22] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

[23] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[24] *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).

5

violations of the prisoner's federal rights.[25] "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion," [26] but citing to state case law that applies federal constitutional principles will suffice.[27]

**A.     Ground I was exhausted.**

In Ground I, Marshall asserts his "right to due process and a fair trial was violated when the trial court failed to sever the individual counts."[28] He argues that the crimes did not have sufficient similarities to be part of a common scheme or plan because they occurred over a nearly two year period and differed as to time, location, modus operandi, whether the victim knew the perpetrator and whether the perpetrator was alone or with others.[29] He asserts he was prejudiced because the stronger cases were used to bolster the weaker cases.[30] He argues this was particularly evident with respect to Euart, who clearly and repeatedly said that Marshall was not the person who robbed him but with respect to whom Marshall was nonetheless convicted.[31] Marshall asserts that because there was no evidence that Euart was threatened or coerced to exonerate Marshall, his conviction as to Euart was based on the prosecution's improper argument

---

[25] *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

[26] *Hiivala*, 195 F.3d at 1106.

[27] *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[28] ECF No. 11 at 13.

[29] *Id.* at 15.

[30] *Id.*

[31] *Id.* at 15–16.

6

that the crime against Euart shared a common scheme with the other crimes in which Marshall was identified by the victims.[32]

Respondents argue that Ground One is unexhausted because Marshall never argued in the state courts that the crimes were different because: (1) one occurred a significant distance from the rest; (2) they took place over a two-year period; (3) they took place in different locations; (4) some of the victims knew the perpetrator while the others did not; (5) sometimes the perpetrator was alone and sometimes he was with others; (6) the crimes took place at different times of the day; and (7) a weapon was not used in all the robberies. Respondents further argue that Marshall did not argue that the Euart conviction was based in part on an identification by Livermore (only an identification by Montes and Proudman), or that he was prejudiced based on the prosecutor's argument that the crime fit Marshall's modus operandi, because Euart was certain at trial that Marshall was not the perpetrator and there was no evidence that Euart had been threatened or coerced to exonerate Marshall.

In his brief to the Nevada Supreme Court, Marshall asserted that the charges should have been severed because they were not part of a common scheme or plan and were not connected.[33] He argued that the cases occurred in different places, different times of day, with different weapons and modes of attack, and over a lengthy period of time. He contended that the weaker cases were bolstered by the stronger cases and that the State secured the convictions regarding Livermore and Euart based on the identifications by Montes and Proudmore.[34] I thus find that the facts and legal arguments alleged in Ground I were largely argued to the state courts, and to

---

[32] *Id.* at 16.

[33] Ex. 2 at 9 (citation is to page of original document).

[34] *Id.* at 11–14.

7

the extent they were not, they do not fundamentally alter the nature of the claim or place the claim in a stronger evidentiary posture. Ground I is therefore sufficiently exhausted.

**B.     Ground III is exhausted.**

In Ground III, Marshall claims that his right to due process was violated because there was insufficient evidence to support the conviction relating to Euart.[35] Again, he argues that Euart testified that Marshall was not the perpetrator and there was no evidence that Euart was threatened or coerced to do so; moreover, the crime against Euart did not fit the other crimes because it was committed a significant distance away from the others and in a manner different from the others.[36] He contends that his conviction was based solely on Euart's prior inconsistent statement.[37]

Respondents argue that in state court, Marshall's only argument was that the evidence was insufficient because it was based solely on Euart's prior inconsistent statement identifying Marshall as the perpetrator, and that the allegations beyond that in Ground III render Ground III unexhausted. While Marshall did not argue in the specific context of his insufficient evidence claim in state court all the particular ways in which the crime against Euart differed from the other crimes, those allegations do appear elsewhere in his Supreme Court brief.[38] Plus, the assertion that there was no evidence of threats or coercion against Euart does not fundamentally alter the claim presented to the state courts. So, Ground III is also exhausted.

---

[35] ECF No. 11 at 19.

[36] *Id*. at 19–20.

[37] *Id.* at 20.

[38] Ex. 2 at 18–19 (citation is to page of original document).

8

**C.     Ground IV is exhausted.**

In Ground IV, Marshall asserts that his right to effective assistance of counsel was violated when trial counsel failed to object to Detective Embrey's exciting summary of the investigation.[39] He argues that Detective Embrey's testimony was cumulative and summarized the entire investigation, including all the specific ways in which the victims' cases were the same.[40] In addition, Marshall claims that the testimony was improper because it included Detective Embrey's opinion that it was Marshall who committed all the crimes.[41]

Respondents argue that Marshall did not argue in the state courts (1) that Detective Embrey's testimony was cumulative; (2) that it followed other witnesses; or (3) the specifics of the details of the victims' cases about which Detective Embrey testified. They contend that these differences render Ground IV unexhausted.

In the state courts, Marshall argued that Detective Embrey provided an exciting summary of the entire case "at the conclusion of all of the alleged victims."[42] Embrey testified that he looked for a pattern of a black male of an approximate height and weight striking the left side of the victim's face; identified Marshall as a suspect; reviewed police reports; and described factors he believed established as modus operandi as to the events.[43] Comparing Marshall's brief to the Nevada Supreme Court to Ground IV of the instant petition, it is clear that Ground IV is sufficiently exhausted. Whatever additional information there may in Ground IV, it does not

---

[39] ECF No. 11 at 21.
[40] *Id.* at 21–22.
[41] *Id.* at 22.
[42] Ex. 7 at 33 (citation is to page of original document).
[43] *Id.*

9

fundamentally alter the legal nature of the claim presented in the state courts or place it in a stronger evidentiary posture. Ground IV is therefore exhausted.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 13] is DENIED**.

IT IS FURTHER ORDERED that respondents have until October 15, 2019, to file an answer to the petition. Marshall will then have 30 days from service of the answer to file a reply.

Dated: August 16, 2019

_____
U.S. District Judge Jennifer A. Dorsey